**MARTIN & BONNETT P.L.L.C.**
Susan Martin (AZ#014226)
Jennifer Kroll (AZ#019859)
4647 N. 32nd Street, Suite 185
Phoenix, Arizona 85018
Telephone: (602) 240-6900
Fax: (602) 240-2345
Email: smartin@martinbonnett.com
        jkroll@martinbonnett.com

*[Proposed] Liaison Counsel for Movant and the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim (*pro hac vice*)
Laurence M. Rosen (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: pkim@rosenlegal.com
        lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Movant and the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| RICHARD REED, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FREEPORT-MCMORAN INC., KATHLEEN L. QUIRK, RICHARD C. ADKERSON, and MAREE E. ROBERTSON,<br><br>Defendants. | No. CV-25-04243-PHX-GMS<br><br>CLASS ACTION<br><br>**MEMORANDUM OF LAW OF BUCKS COUNTY EMPLOYEES RETIREMENT SYSTEM IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS** |

Lead Plaintiff Bucks County Employees Retirement System ("Bucks County" or "Movant") respectfully submits this opposition to the competing lead plaintiff motions. *See* Dkt. Nos. 18, 20, 21, 22, 23.

## **INTRODUCTION**

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), courts are to appoint as lead plaintiff the one with "the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001); *see also* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc).

Here, three lead plaintiff motions were filed in this Court seeking appointment as lead plaintiff and approval of lead counsel for the class of all purchasers or acquirers of Freeport-McMoRan Inc. ("Freeport" or the "Company") securities between February 15, 2022 and September 24, 2025, inclusive (the "Class Period"). Dkt. Nos. 18, 20, and 21.

Of the movants, Bucks County clearly has the largest financial interest with $137,316 in losses from its purchases of Freeport stock. *See* Dkt. No. 21-5. Operating Engineers Construction Industry and Miscellaneous Pension Fund claimed a loss of $80,062 but on January 26, 2026, filed a Notice of Non-Opposition to Competing Lead Plaintiff Motions. Dkt. Nos. 18-5, 23. Terence L. Moore individually and on behalf of the Terence L. Moore Trust claimed a loss of $16,820 (Dkt. No. 20-3) but on January 22, 2026, Moore filed a Notice of Withdrawal of his Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel. Dkt. Nos. 20-3, 22.

Because Bucks County has the largest financial interest in this action and also

MEMORANDUM OF LAW OF BUCKS COUNTY EMPLOYEES RETIREMENT SYSTEM IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

*prima facie* satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that Bucks County is presumed to be the "most adequate plaintiff" and, therefore, should be appointed lead plaintiff on behalf of the putative class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## ARGUMENT

### I.    BUCKS COUNTY SHOULD BE APPOINTED LEAD PLAINTIFF

The Ninth Circuit has explained that the PSLRA provides a sequential statutory process that the district court must follow in selecting the lead plaintiff. *Cavanaugh*, 306 F.3d at 729. After determining that notice of the action is appropriate and timely, the district court "must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical." *Id*. at 732. Importantly, "a straightforward application of the statutory scheme … provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case." *Id*.

The PSLRA provides that there is a "rebuttable presumption … that the most adequate plaintiff … is the person or group of persons … that … has the largest financial interest in the relief sought by the class." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, Bucks County suffered the largest loss of any movant. Courts across the country recognize this factor as the most significant factor to be considered. *See, e.g., Perlmutter v. Intuitive Surgical, Inc.*, 2011 WL 566814, at *10 (N.D. Cal. Feb. 15, 2011) ("This [fourth and final factor] is the most determinative"); *Varghese v. China Senghuo Pharm. Holdings, Inc.*,

3

589 F.Supp. 2d 388, 295 (S.D.N.Y 2008) ("financial loss, the last factor, is the most important element of the test."); *In re Comverse Tech., Inc. Sec. Litig.*, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007), *adhered to on reconsideration*, 2008 WL 820015 (E.D.N.Y. Mar. 25, 2008) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period, to be most influential in identifying the plaintiff with the largest financial interest."); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) ("[W]e, as have other courts, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant."); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Moreover, as set forth in Movant's opening papers, Bucks County has made a *prima facie* showing of his adequacy and typicality. *See Cavanaugh*, 306 F.3d at 729. Bucks County submitted a certification attesting to its willingness to serve as lead plaintiff. Dkt. No. 21-4. Bucks County's claims are also typical of other class members because its claims arise from the same legal theories and same nucleus of fact. Bucks County's interests are aligned with the interests of the other class members as it has the same incentive to prove Defendants' misconduct.

Further, Bucks County is the prototypical lead plaintiff sought by the PSLRA as an institutional investor. As courts routinely recognize, Congress sought to encourage institutional investors to assume a more prominent role in securities litigation with the

MEMORANDUM OF LAW OF BUCKS COUNTY EMPLOYEES RETIREMENT SYSTEM IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

enactment of the PSLRA's lead plaintiff provisions, as "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (*quoting* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted* in 1995 U.S.C.C.A.N. 730, 733); *see, e.g., Sved v. Matrixx Initiatives, Inc.*, 2005 WL 8158448, at *2 (D. Ariz. Jan. 18, 2005) (institutional investor chosen as lead plaintiff due to the "greater resources and litigation experience possessed by institutional investors that make them better equipped to serve as lead plaintiff in securities class actions") (citation omitted).

In short, because Bucks County has the largest financial interest and satisfies the typicality and adequacy requirements of Rule 23, it is the presumptive lead plaintiff. As such, Bucks County should be appointed Lead Plaintiff and its selection of Lead Counsel should be approved.

## II.    THE PRESUMPTION IN FAVOR OF BUCKS COUNTY HAS NOT BEEN REBUTTED

The competing motions should be denied. As Bucks County has the greatest financial interest in the litigation and satisfies the requirements of Rule 23, it should be appointed Lead Plaintiff without further analyses. Indeed, "once the statutory presumption has attached, it cannot be rebutted through relative comparison." *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004); *Cavanaugh*, 306 F.3d at 732 (explaining that courts are not to "engage[] in a freewheeling comparison of the parties competing for lead plaintiff"). Indeed, that "the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. Rather, the statute provides that the presumption

MEMORANDUM OF LAW OF BUCKS COUNTY EMPLOYEES RETIREMENT SYSTEM IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

'may be rebutted only upon proof … that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23.'" *Cavanaugh*, 306 F.3d at 729 n.2 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

As Bucks County has the largest financial interest and has made a *prima facie* demonstration of its typicality and adequacy, and no movant has rebutted the presumption with proof, Bucks County must be appointed Lead Plaintiff.

## III.    BUCKS COUNTY'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (aa); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) (the Lead Plaintiff "is primarily responsible for selecting lead counsel.").

Bucks County has selected The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel. Rosen Law has the resources and expertise to litigate this action efficiently and aggressively. As Rosen Law's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. Dkt. No. 21-6. Indeed, Rosen Law is one of the preeminent securities class action law firms in the country. Rosen Law has served as sole and co-lead counsel in numerous cases around the country and has recovered hundreds of millions of dollars for investors. *Id*. In 2019 alone, the ISS

MEMORANDUM OF LAW OF BUCKS COUNTY EMPLOYEES RETIREMENT SYSTEM
IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

Institutional Securities Class Action Services ranked Rosen Law as the Number 3 securities class action firm both in terms of amount recovered for investors—$438,340,000—and the number of settlements—12.[1] Founding partner, Laurence Rosen was also recognized by Law360 as a Titan of Plaintiffs Bar for 2020.[2] Martin & Bonnett, Movant's selected Liaison Counsel, and its attorneys have a long history of handling litigation in Arizona. *See* Dkt. No. 21-7.

Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the class will receive excellent legal representation.

## IV.    THE COMPETING MOTIONS SHOULD BE DENIED

The competing motions should be denied as Bucks County has the greatest financial interest in the litigation, satisfies the requirements of Rule 23, and should therefore be appointed Lead Plaintiff without further analyses. *Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical."); *In re Mersho*, 6 F.4th 891, 896 (9th Cir. 2021) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)-(cc)).

---

[1] https://www.issgovernance.com/file/publications/ISS-SCAS-Top-50-of-2019.pdf. at p. 6-9.

[2] https://www.law360.com/articles/1254748/titan-of-the-plaintiffs-bar-rosen-law-firm-s-laurence-rosen.

MEMORANDUM OF LAW OF BUCKS COUNTY EMPLOYEES RETIREMENT SYSTEM
IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

## CONCLUSION

For the foregoing reasons, Bucks County respectfully requests that its motion  be granted in its entirety and that competing motions be denied.

Dated: January 26, 2026

Respectfully submitted,

**MARTIN & BONNET P.L.L.C.**
/s/ Susan Martin
Susan Martin (AZ#014226)
Jennifer Kroll (AZ#019859)
4647 N. 32nd Street, Suite 185
Phoenix, Arizona 85018
Phone: 602-240-6900
Fax: 602-240-2345
Email: smartin@martinbonnett.com
         jkroll@martinbonnett.com

*[Proposed] Liaison Counsel for Movant and the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim (*pro hac vice*)
Laurence M. Rosen (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: pkim@rosenlegal.com
         lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Movant and the Class*

MEMORANDUM OF LAW OF BUCKS COUNTY EMPLOYEES RETIREMENT SYSTEM IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

MEMORANDUM OF LAW OF BUCKS COUNTY EMPLOYEES RETIREMENT SYSTEM
IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS